FILED
MAR 16 2006
MAR 16 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY FLANAGAN, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | **06CV1462** |
| ) | **JUDGE CASTILLO** |
| OFFICE OF THE CHIEF JUDGE ) | **MAGISTRATE MASON** |
| OF THE CIRCUIT COURT OF ) | |
| COOK COUNTY, ILLINOIS, ) | |
| DONNA VAUGHAN, PHIL LOIZON, ) | |
| MICHAEL DICKERSON, and CAROLYN ) | |
| LISLE, ) | |
| ) | JURY DEMANDED |
| Defendants. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Kimberly Flanagan, by and through her attorneys, John P. DeRose & Associates, and complains of Defendants as follows:

**JURISDICTION**

1. The jurisdiction of this Honorable Court is invoked pursuant to Title VII, 42 U.S.C. § 2000 et seq. and 42 U.S.C. § 1981. The Court is asked to retain its discretionary jurisdiction over pendent state claims.

**PARTIES**

2. KIMBERLY FLANAGAN, (hereinafter referred to as "Plaintiff"), was at all relevant times hereinafter mentioned employed by Defendant Office of the Chief Judge of the Circuit Court of Cook County, Illinois.

3. Defendant OFFICE OF THE CHIEF JUDGE OF THE CIRCUIT

COURT OF COOK COUNTY, ILLINOIS (sometimes hereinafter referred to as "Office of the Chief Judge") was at all relevant times hereinafter mentioned an organ of COOK COUNTY, ILLINOIS.

4. Defendant DONNA VAUGHAN, (sometimes hereinafter referred to as "Vaughan") was at all relevant times hereinafter mentioned employed by Defendant Office of the Chief Judge of the Circuit Court of Cook County, Illinois.

5. Defendant PHIL LOIZON, (sometimes hereinafter referred to as "Loizon") was at all relevant times hereinafter mentioned employed by Defendant Office of the Chief Judge of the Circuit Court of Cook County, Illinois.

6. Defendant MICHAEL DICKERSON, (sometimes hereinafter referred to as "Dickerson") was at all relevant times hereinafter mentioned employed by Defendant Office of the Chief Judge of the Circuit Court of Cook County, Illinois.

7. Defendant CAROLYN LISLE, (sometimes hereinafter referred to as "Lisle") was at all relevant times hereinafter mentioned employed by Defendant Office of the Chief Judge of the Circuit Court of Cook County, Illinois.

**FACTS**

8. Plaintiff was hired by Defendant Office of the Chief Judge as Cook County Adult Probation Officer in

February 1999.

9. On August 28, 2002, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against the Office of the Chief Judge, alleging discrimination based on her race and sex.

10. On December 18, 2002, Plaintiff filed a lawsuit in the United States District Court for the Northern District of Illinois against the Office of the Chief Judge, alleging discrimination based on her race and sex.

11. Plaintiff's lawsuit, entitled *Flanagan v. Office of the Chief Judge of the Circuit Court of Cook County, Illinois,* case number 02 C 9190 is currently awaiting trial.

12. Since Plaintiff was hired as an Adult Probation Officer, she has performed her duties to the legitimate expectations of her employer.

13. Since filing her lawsuit, Plaintiff has been continually harassed and threatened with and been subjected to disciplinary action.

14. In addition, since filing her lawsuit Plaintiff has been subjected to heightened scrutiny by the individually-named defendants.

15. The reason for the scrutiny, harassment, and disciplinary action is the result of Plaintiff filing her initial claim of discrimination and lawsuit.

16. The retaliation that Plaintiff has suffered at the hands of the defendants includes but is not limited to:
    (a) Plaintiff's supervisor was threatened with disciplinary action if her refused to lower the score on Plaintiff's annual performance evaluation;
    (b) Plaintiff was falsely accused of assaulting another probation officer;
    (c) Plaintiff was placed on a less desirable schedule with other officers with less seniority;
    (d) Plaintiff has been investigated and reprimanded on numerous times based on false and frivolous statements;
    (e) Plaintiff was taken off of the streets and placed on desk duty.
17. The retaliation against Plaintiff is currently on-going.
18. On July 25, 2005, Plaintiff filed a Charge of Discrimination alleging retaliation, and on December 19, 2005 received a Notice of Right to Sue from the Equal Employment Opportunity Commission. (See Charge of Discrimination attached as Exhibit A).

**COUNT I**
**RETALIATION IN VIOLATION OF TITLE VII AND SECTION 1981**

1-18. The Plaintiff repeats and realleges Paragraphs 1-18 of this Complaint as Paragraphs 1-18 of Count I as though fully set forth herein.

19. Plaintiff's conduct in filing a charge of discrimination with the EEOC and a subsequent lawsuit were lawful exercises of her statutorily protected expression.

20. As a result of retaliation by the individual defendants, Plaintiff has suffered adverse employment action.

21. Each of the individually-named defendants participated in the retaliatory acts against Plaintiff.

22. The heightened scrutiny, harassment, and disciplinary actions taken against plaintiff are a result of Plaintiff filing a Charge of Discrimination with the Equal Employment Opportunity Commission and a federal lawsuit.

WHEREFORE, the Plaintiff respectfully asks this Honorable Court to grant the following relief:

A. Award the Plaintiff damages against the defendants and each of them in an amount in excess of $1,000,000.00

B. Award the Plaintiff reasonable attorney's fees and the costs of this suit; and

C.   Such other relief as this Court deems appropriate under the circumstances.


Respectfully submitted,

*John P. DeRose*

John P. DeRose


John P. DeRose
15 Spinning Wheel Road, Suite 428
Hinsdale, Illinois  60521
(630) 920-1111